1

2   Corazon F. Agudo
    3370 Heavenly View Court
3   Las Vegas, NV 89117
    702.810.3422
4   In Common Law-Pro Per



5   ## DISTRICT COURT OF THE UNITED STATES

6   ## DISTRICT OF NEVADA

7   ## ARTICLE III

8

9   Corazon F. Agudo                    **2:10-cv-00172-PMP-LRL**

10              Plaintiff,

11                                   )   NOTICE and DEMAND for Nihil
                                     )
12      vs.                          )   Dicit JUDGMENT FOR NON-
                                     )
13                                   )   RESPONSE TO RESPA
                                     )
14   BANK OF AMERICA; MERS,          )   AFFIDAVIT
                                     )
15   And RECONTRUST                  )
                                     )
16   and Does 1-10,                  )
                                     )
17              Defendants.          )
                                     )
18                                   )
                                     )
19
        **TO THE DEFENDANTS AND THEIR ATTORNEYS OF RECORD**
20
    **AND ALL PARTIES OF INTEREST:**
21
        Now comes the Plaintiff, ("Plaintiff") Corazon F. Agudo and states the
22
    following: Plaintiff, Corazon F. Agudo, hereby Notices this Federal Court of a
23
    Nihil Dicit application. I move this procedure before this court so that it can order
24
    the warranted a judgment in favor of Plaintiff petition for all relief and motions
25
    sought in Plaintiff pleadings. Plaintiff further request nominals, compensatory,
26
    punitive and any other damages that the court deem Just and Proper, inclusive of
27
    reasonable compensation for "time" necessarily expended to prosecute this action.
28
    Punitive damages are in order due to the Respondents frivolous and non-responsive

alleged "answers" to Plaintiff submissions throughout this emotional ordeal; which directly caused unnecessary delay and the subsequent attempt to Plaintiff to lose his residence and tie up an overburdened Federal Court.

## SUPPORT FOR NIHIL DICIT JUDGEMENT

1. "Nihil Dicit. He says nothing. The name of the judgment which may be taken as a course against a defendant who omits to plead or answer the Plaintiff declaration or complaint within the time limited Sixty Days (60) as stipulated. In some jurisdictions it is otherwise known as judgment `for want of plea.'" Black's Law 5Th, page 942

2. "Nihil Dicit Judgment. Judgment entered against defendant(s), in proceeding in which he is in court but has not filed an answer, is a "nihil dicit judgment"; all error of pleading being waived, court examines petition only to determine if it attempts to state a cause of action within the court's jurisdiction." Cite omitted Black's Law 5Th, page 943

3. This court has jurisdiction pursuant to Jurisdictional statements entered in the Record and Brief. The Defendants have not responded to the Plaintiff on the RESPA appropriately noticed and "served" upon Defendants, November 23, 2009. The allotted time limit to respond of 60 days has long since expired. Therefore the Nihil Dicit Judgment is appropriate and in fact in order and therefore, this demand is made through this Court to satisfy the relief requested as presented in the Plaintiff's Brief.

4. Plaintiff relied on the use of this process and in good faith proffer to this court its "remedy" based on a thorough reading of the seventeen North Carolina cases on this subject, some of which are infra;

*R. M. Oates v. W. G. Gray*, 66 N.C. 442 (1872) Supreme Court of North Carolina. ". An entry on the docket of "general issue, stat, lim, with leave," is not sufficient pleading and in the discretion of the Judge below would authorize judgment of nihil dicit."

*Weston v. Lumber Co.*, 162 N.C. 165 (1913) 77 S.E. 430 "It is, therefore, not necessary, says a great law writer on this subject, that the judgment should have been awarded upon the decision of an issue, for where it is given for want of a plea, which is judgment by nihil dicit, or where it one by non sum

informatus, or by confession, or by default, the conclusiveness of it is the same as if the fact had been actually (203) contested by plea or traverse. Stephen on Pleading (9 Am. Ed. by Heard), pp. 109 and 195. This he calls estoppel by record. There was no answer in *Mills v. Witherington*, supra, and consequently no actual litigation of the title and no specific reference to it in the pleadings."

## POINTS AND AUTHORITIES AND MEMORANDUM OF LAW BY

COMMERCIAL AFFIDAVIT REFERENCE: MOORE'S FEDERAL PRACTICE

VOLUME 2 (a) F.R.C.P.-RULES 7, 8, 12, and 17 **FRCP Rule [8]** (b)

## DEFENSES, FORM OF DENIALS:

A party shall state in short and plain terms [his] the party's defense, ("TO EACH CLAIM ASSERTED"), and shall admit or deny the Averments upon which the adverse party relies.... or [he] may generally deny all averments, ("EXCEPT SUCH DESIGNATED AVERMENTS OR PARAGRAPHS AS [he] THE PLEADER EXPRESSLY ADMITS").

Rule #8: The pleading rules are designed to eliminate delay....(5) and permit either a Plaintiff or a Defendant to "OBTAIN SUMMARY JUDGMENT WHERE THERE IS NO BONA FIDE CLAIM OR DEFENSE". "IN THIS CASE, THE DEFAULTED PARTY (S) **HAVE NO MERITORIOUS DEFENSE".**

### "CASES ARE TO BE DECIDED ON THE MERITS"

Rule # 8: (3) General Denials are permissible when the Pleader, ("IN VIEW OF RULE # 11), on signing of pleadings, can HONESTLY CONTROVERT "ALL" AVERMENTS. (16) "THEREBY CERTIFYING"

Respondent(s)/Defaulted Parties, are by Contract, Mandated to respond to all statements and inquires by: AFFIDAVIT, POINT FOR POINT, UNDER UNLIMITED LIABILITY OATH, SWORN AND ATTESTED TO; AND RETURNED BY U.S. POSTAL REGISTERED MAIL TO PETITIONERS NOTARY ACCEPTOR.

Responsive pleadings in actions commenced by private parties, by stating that when private persons are the moving parties, "MOVANT", other parties to the proceeding......"MUST GIVE PROMPT NOTICE OF THE ("ISSUES") controverted in Fact or in Law....that if no Answer is filed to a complaint, the allegations are deemed admitted and true.

The important fact that is directed to the court concerning this clause is: the word ("ISSUES"). "PLEASE NOTE THIS WORD IS USED IN THE PLURAL CONTEXT, MEANING MORE THAN ONE".

AM JUR VOLUME 2 ADMINISTRATIVE LAW, CLAUSE # 298, (PAGE 311) NO RIGHT TO FORMAL HEARING:

The Defaulted Parties do not have an absolute right to a hearing. "ESPECIALLY" WHERE THERE IS NO GENUINE DISPUTE TO MATERIAL FACTS. THE DEFAULTED PARTIES TO THIS CASE HAVE NO MERITORIOUS DEFENSE.

5. Defendants are now estopped from entering any rebuttal at all as they have forfeited and waived that right by their inaction and an estoppel now constructively exists. This Court has only now to rule on the evidence of fact and law submitted by Plaintiff. Defendants were uncooperative of the Administrative process below having failed to respond to the fact and law placed upon the record. They simply offered "general" denials absent the specificity, procedure and clarity, required by law. They then proceeded to delay and impede the progress of the action until they were able to violate Due Process of the Plaintiff, and failing even to recognize its high importance by ignoring the process placed upon its record.

***Hoke v. Edwards and Others,*** 46 N.C. 532 (1854) 2 S.E. 70
"Upon a default or a nihil dicit, on an action of debt, in a Justice's judgment, the

Plaintiff is entitled to a final judgment, at the time when the default is made, and need not execute an inquiry before a jury."

6. Since a nil dicit judgment has greater force than a default, and the fact that Defendants never responded to the original Summons and Complaint on the Record nor the RESPA; and only responded by putting property up for sale with all of the Federal Law violations, when the case law substantiates that the Federal Law violations are rampant; and now they have not even answered the Complaint in this action by entering any "response" at all even though forewarned, compels that a nihil dicit judgment issue instanter. "Judgment taken against party who withdraws his answer or omits the answer is *judgment nihil dicit*, which amounts to confession of cause of action stated, and carries with it, **more strongly than judgment by default**, admission of justice in Plaintiff case." Black's Law 5th Nihil Dicit.

7. From the General Statutes of North Carolina 24-6. Clerk to ascertain interest upon default judgment on bond, covenant, bill, note or signed account. When a suit is instituted on a single bond, a covenant for the payment of money, bill of exchange, promissory note, or a signed account, **and the defendant does not plead to issue thereon, upon judgment, the clerk of the court shall ascertain the interest due by law, without a writ of inquiry, and the amount shall be included in the final judgment of the court as damages, which judgment shall be rendered therein in the manner prescribed by 24-5.** (1797, c. 475, P.R.; R.C., c. 31, s. 91; Code, s. 531; Rev., s. 1956; C.S., s. 2310.)

8. Wherefore, Plaintiff Corazon F. **Agudo**, demands, as in a claim of right, an assertion of a substantive legal right, **that** this court issue a Nihil Dicit Judgment in favor of Plaintiff on each Relief Demanded in the Plaintiff Brief and this Motion.

9. Defendant has never answered the **fact** presented that there was an Original Promissory Note, as requested under the Fair Debt Collection Act by the Plaintiff.

### **CONCLUSION**

Petitioner MOVANT, moves the review of this Case, utilizing Administrative Law and the Uniform Commercial Code, **(UCC)**, Petitioner, also embraces the United States Constitution, its Amendments **and its** Articles. The Respondent(s)/Defaulted Parties, are Estopped by Acquiescence **and** Tacit Procuration and are impeached from the issues of this case. This **Petitioner** has researched extensively, utilizing and bringing forth evidence from **Moore's** Federal Practice, American Jurisprudence, Black's Law Dictionary, Sixth Edition, Case Law and Amendments and Articles of the United States **Constitution**, to prove "BEYOND DOUBT", the defaulted parties "SET UP NO DEFENSE" to the claim/contract. Petitioner holds an Irrefutable Commercial Contract, **protected** by Article 1, Section 10, Amendment (s) I, V, IV, of the **United States**.

THE FOLLOWING CLAUSE(S), **ARE** ALL LOCATED WITHIN: UNITED STATES CODE ANNOTATED **VOLUME**: "CONSTITUTION. ARTICLE I"; TO BE USED AS POINTS OF LAW IN DETERMINING THIS CASE.

**CLAUSE # 5**, NATURE AND SCOPE "PROVISION", THIS CLAUSE "GUARANTEES" AGAINST GOVERNMENT CONDUCT THAT IMPAIRS CONTRACT(S) NOT THAT WHICH IS INTENDED TO PRESERVE THEM.

**CLAUSE #6**, OBLIGATION OF **CONTRACT** DEFINED: By obligation of the contract, is meant the means which, **at the** time of its creation, the law affords for

its enforcement. THE OBLIGATION OF A CONTRACT WITHIN THE MEANING OF THIS CLAUSE IS A VALID SUBSISTING OBLIGATION, NOT A CONTINGENT OR SPECULATIVE ONE.

Date: February 8, 2010

_Corazon F. Agudo_
Corazon F. Agudo
Plaintiff in Pro Per